WEIL et al. v. UNITED STATES.

(Circuit Court, S. D. New York.  February 3, 1902.)

No. 3,072.

CUSTOMS DUTIES—HIDES AND SKINS.

An assessment of merchandise comprising 11 bales of hides and skins mixed together indiscriminately, as "hides of leather, raw," under Act July 24, 1897, par. 437, will be affirmed where, notwithstanding the appraiser's demand that the importers produce two bales besides the sample bale, so as to enable him to satisfy himself as to the relative proportion of hides and skins, they fail to do so, and fail to show that the other bales contain the same proportion of hides and skins as the sample bale.

Appeal by the importers from a decision of the board of general appraisers which affirmed the assessment of duty by the collector of customs upon the merchandise in question.

Walter Bunn, for importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge.  The merchandise in question comprised 11 bales of hides and skins mixed together indiscriminately, and which were assessed for duty as "hides of leather, raw," at 15 per cent. ad valorem, under paragraph 437 of the act of July 24, 1897. The importers protested against this assessment, and claimed that the relative weight of skins and hides in the sample bale should be used to determine the relative weight of the skins and hides in all the other bales, and that the same should be classified accordingly. In accordance with the provisions of section 2901 of the Revised Statutes, the appraiser thereupon ordered two more bales to the public stores for examination, in order to satisfy himself as to the proportion of skins and hides.  The importer, however, failed to produce the bales, or any further evidence in regard to the same.  There is no evidence that the other bales contained the same proportion of hides and skins as the sample bale; and if it was not the duty under the statute, it was at least within the discretion, of the appraiser, to order the production of other bales for examination.

Inasmuch as the importers failed, in the first place, to properly identify the number of skins and hides, and have since failed to produce the required evidence, the decision of the board of appraisers is affirmed.